(C.D. 4122)

ANDREW FISHER CYCLE CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 10, 1970)

*Brooks & Brooks* (*Robert L. Follick* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Frederick L. Ikenson*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE Judges

MALETZ, Judge: The above-captioned case having been brought to trial, plaintiff having rested, and defendant having moved for judg-

ment overruling the protest, the court makes the following findings of fact and conclusions of law based on the record herein:

## FINDINGS OF FACT

1. The merchandise in question was invoiced as " 'LUCIA' Speedometer-Mileage Indicators," exported from Holland, and entered at New York, New York, on October 30, 1967.

2. The merchandise is a device, having a circular dial and odometer feature, which records the velocity at which and the distance which a bicycle travels.

3. The merchandise was classified by the appropriate customs official under item 711.93, Tariff Schedules of the United States (TSUS), as "bicycle speedometers," and assessed with duty at 55 percent ad valorem.

4. The merchandise is claimed to be classifiable either under item 711.98, TSUS, as other counters, or under item 678.50, TSUS, as a machine, not specially provided for.

5. Devices such as the imported merchandise have been advertised and described in bicycle trade magazines as speedometers.

6. Devices such as and including the imported merchandise have been displayed at trade shows as speedometers.

7. Devices such as the imported merchandise are depicted in *Funk & Wagnalls New Standard Dictionary of the English Language* (1956) under the term "speedometer."

8. Devices such as the imported merchandise are described in *Webster's Third New International Dictionary* (1963) under the term "speedometer."

9. The imported merchandise, in the opinion of the plaintiff's vice-president, is a speedometer.

10. Devices, having a circular dial and odometer feature, which record the velocity at which and the distance which a bicycle travels, are commonly known in the trade and commerce of the United States as bicycle speedometers.

## CONCLUSIONS OF LAW

1. The merchandise falls within the common meaning of the term "bicycle speedometer," as used in item 711.93, TSUS.

2. The merchandise in question was intended by Congress to be classified as a speedometer.

3. Plaintiff has failed to rebut the presumption of correctness attendant upon the Government's classification.

4. Based on the foregoing, it is concluded that the protest in the case should be overruled. Judgment will be entered accordingly.